WILLIAM POULTNEY & another *vs.* JOHN MACKEY.

Upon the trial of an action to recover the price of intoxicating liquors, a plaintiff, who has testified that the liquors were sold and delivered in another state, may be asked on cross-examination if he knew or supposed they were to be resold in this commonwealth in violation of the laws thereof, although the only defence pleaded is that the liquors were sold in this commonwealth to be so resold. But he cannot be asked whether he had any right to sell liquors in the other state.

ACTION OF CONTRACT to recover the price of intoxicating liquors sold and delivered by the plaintiffs to the defendant.

Answer, that " they were sold and delivered to him at West Stockbridge in this county, in violation of the laws of this commonwealth, and, as was well known to the plaintiffs, to be resold in this commonwealth in violation of the laws thereof." Trial in the court of common pleas before *Bishop*, J., who signed this bill of exceptions :

" The plaintiffs and a witness by them called swore that the intoxicating liquors were sold and delivered to the defendant at Hudson in the State of New York.   On cross-examination, the plaintiffs were asked 'if they knew that the defendant intended to resell the liquors in this commonwealth in violation of the laws of this commonwealth;' and 'if they supposed that the defendant intended so to resell;' and also, 'if the plaintiffs had any right to sell liquors in the State of New York.'   To these questions the counsel for the plaintiffs objected, and the court sustained the objections; the questions not being pertinent to the issue raised by the answer, and having no relation to matters inquired of in chief.   The verdict was for the plaintiffs.   To the above rulings the defendant excepted."

*M. Wilcox*, for the defendant.

*I. Sumner*, for the plaintiffs.

METCALF, J.   It is true, as contended by the plaintiffs' counsel, that it was not open to the defendant at the trial to take the ground that the sale by the plaintiffs to the defendant, if made in the State of New York, was illegal ; for the defendant, by his answer, had confined himself to proving a sale of liquors at West Stockbridge in this county, with knowledge that they were to be resold in violation of the laws of this commonwealth.

Still it is very clear that his right to cross-examine the plaintiffs or their witnesses, upon any part of the defence thus pleaded by him, could not be taken away or limited by the plaintiffs' evidence (which the defendant might at any subsequent stage of the trial contradict or control) that the sale was made in another state.   The error in the ruling of the judge who presided at the trial seems to have consisted in treating the statement of a fact by the plaintiffs in their testimony as equivalent to the conclu-

24 *

sive establishment of that fact against the defendant. We think the defendant might well show by the plaintiffs that the liquor was sold with knowledge that it was to be resold in violation of the laws of this commonwealth, and rely upon other testimony to prove that the sale was made at the place alleged in the answer.

The question whether the plaintiffs had any right to sell liquors in the State of New York was immaterial, and rightly ruled out. But for the refusal to permit the other questions to be put the                            *Exceptions must be sustained.*